# EXHIBIT CC



**DEPARTMENT OF THE NAVY**
UNITED STATES NAVAL FORCES EUROPE
UNITED STATES NAVAL FORCES AFRICA
PSC 807 BOX 70
FPO AE 09622-0070

5370
Memo N01-JA/001
29 Apr 22

MEMORANDUM

From: Force Judge Advocate
To:   ADM Robert P. Burke, U. S. Navy

SUBJ: POST-GOVERNMENT EMPLOYMENT OPINION

1. This responds to your request for a written opinion on post-government employment restrictions. I am providing this advice in my official capacity as an ethics counselor on behalf of the United States in accordance with 5 C.F.R. § 2635.107. My advice is based on the information in your DD Form 2945 of 28 March 2022 and related discussions.

2. Several post-government employment restrictions apply to all former Government employees. Others only apply to you because you are a senior official. The following is a summary of relevant post-government employment restrictions.

3. **Background**

   a. Since July 2020, you have served as Commander, U.S. Naval Forces Europe and Africa (COMUSNAVEUR/COMUSNAVAF), and Commander, Allied Joint Force Command Naples (COM JFCNP). As COMUSNAVEUR/COMUSNAVAF, you are responsible for planning and executing U.S. maritime exercises and operations in the U.S. European Command and U.S. Africa Command Areas of Responsibility. As COM JFCNP, you are responsible for planning and executing military operations in support of the North Atlantic Treaty Organization as assigned by Supreme Allied Commander Europe. You anticipate a change of command as early as May 2022, and your approved retirement date is 1 July 2022 in the grade of Admiral (O-10).

   b. From June 2019 to June 2020, you served as Vice Chief of Naval Operations (VCNO). As VCNO, you performed the duties set forth in 10 U.S.C. § 8035 as the principal deputy to the Chief of Naval Operations.

   c. From May 2016 to June 2019, you served as Chief of Naval Personnel (CNP). As CNP, you were the Department of the Navy's (DON's) human resources provider for worldwide distribution and placement of active and reserve military personnel.

   d. You indicated you are not currently seeking post-government employment. If you do seek post-government employment, you should request further ethics advice regarding restrictions that apply to your prospective employment with any specific organization(s).

4. **Post-Government Employment Restrictions**

   a. **Representation Bans Under 18 U.S.C. § 207**

   Title 18 U.S.C. § 207 is the primary source of post-government employment restrictions. The statute's intent is to prevent former Federal employees from exerting undue influence and using information from their Federal employment to benefit a new employer unfairly. Although § 207 restrictions do not bar you from accepting employment with any private or public employer after Federal service, they prohibit you from engaging in certain activities on behalf of other persons or non-Federal entities, whether compensated or not.

   The restrictions under § 207 generally apply to prohibited "communications" or "appearances" that are made in connection with "particular matters involving specific parties." A communication occurs when you impart or transmit information of any kind – including facts, opinions, ideas, questions, or direction – to an employee of the executive or judicial branch, by any means. An appearance occurs when you physically present yourself before an executive or judicial branch employee. Mere presence in a meeting may be an appearance and need not involve any communication. With some exceptions (as noted below), behind-the-scenes or in-house assistance to a private employer, however, is legally permissible. For example, you may legally tell your employer the Federal officer or employee to contact, but you are unable to telephone, sign a letter to, or attend a meeting with, a Federal officer or employee.

   A "particular matter" includes any investigation, application, request for a ruling or determination, rulemaking, contract, controversy, claim, charge, accusation, arrest, or judicial or other proceeding. Not all particular matters, however, involve "specific parties." Such matters generally are limited to specific proceedings affecting the legal rights of the parties or an isolatable transaction or related set of transactions between identified parties.

   The restrictions under § 207 only prohibit those communications and appearances that are made to an employee of the executive or judicial branch with the "intent to influence." An "intent to influence" may be found if you make a communication or an appearance to seek a discretionary Federal ruling, benefit, approval, or other action, or to influence Federal action in connection with a matter that you knows involves an appreciable element of dispute concerning the particular Federal action to be taken. The restrictions do not apply to communications or appearances involving purely social contacts, a request for publicly available documents, or a request for purely factual information or the supplying of such information. You may represent yourself, including a sole proprietorship. You may not represent a business organization that has a separate legal identity, however, even if you own 100% of the interests in the entity.

   (1) *Lifetime Representational Ban*. Title 18 U.S.C. § 207(a)(1) places a permanent, lifetime ban from representing others on particular matters involving specific parties in which you participated "personally" and "substantially" during your Federal service. The particular matter must be one in which (a) the Federal Government is a party or has a direct and substantial interest; (b) you participated personally and substantially as an employee or officer of the Federal Government; and (c) there was a specific party involved at the time of such participation. The restriction remains for the lifetime of the particular matter. For example, when a contract is re-competed and awarded, the new contract is generally a new particular matter.

To participate "personally" means directly, and includes participation of a subordinate if actually directed by you in the matter. To participate "substantially" means your involvement is of significance to the matter or forms a basis for a reasonable appearance of such significance. It requires more than official responsibility, knowledge, perfunctory involvement, or involvement on an administrative or peripheral issue. A finding of substantiality may be based not only on the effort devoted to a matter but also on its importance. While a series of peripheral involvements may be insubstantial, the single act of approving may be substantial. In addition to approval, other acts may also be "substantial," such as participation in a critical step. Of note, 18 U.S.C. § 207(a)(1), regardless of whether or not compensated, generally bars you from testifying as an expert witness on the same particular matter involving specific parties in which you participated for the Federal Government (18 U.S.C. § 207(j)(6)).

You did not identify any particular matter involving specific parties that have or are likely to have a nexus to a prospective employer and that are still within their lifetime such that the lifetime ban under 18 U.S.C § 207(a)(1) would apply to you. If you seek employment with any specific organization(s), or are asked to be an expert witness for a non-Federal entity, you should seek further ethics advice on the applicability of § 207(a)(1) restrictions.

(2) *Two-Year Representational Ban*. Title 18 U.S.C. § 207(a)(2) places a two-year ban on attempting to influence employees of the executive or judicial branch on behalf of another on particular matters involving specific parties that were pending under your "official responsibility" during your last year of Federal service. Your last year of service is the 12-month period immediately preceding your retirement date, currently 1 July 2022.

"Official responsibility" is defined as the direct administrative or operating authority, whether intermediate or final, and either exercisable alone or with others, to approve, disapprove, or otherwise direct Government action. Accordingly, a matter is under your "official responsibility" if you had the power to approve, disapprove, or otherwise direct Federal action, directly or through a subordinate. Those areas assigned by statute, regulation, executive order, or job description usually determine the scope of an employee's official responsibility. All particular matters under consideration in an agency are under the official responsibility of the agency head, and each is under that of any intermediate supervisor having responsibility for the activities of a subordinate employee who actually participates in the matter.

Unlike the lifetime ban in § 207(a)(1), the two-year ban in § 207(a)(2) is triggered simply if the particular matter involving specific parties was pending under your official responsibility in the last year of your Federal service. This two-year ban bars communications or appearances if you know, or should have known, the particular matter involving specific parties was "actually pending" under your official responsibility within the last year of your Federal service (5 C. F. R. § 2641.202(a)). A matter was "actually pending" under your official responsibility if it was referred to you for assignment, or referred to or under consideration by someone you supervised.

You did not identify any particular matters involving specific parties pending under your official responsibility during your last year of Federal service. Given your command responsibilities, however, the two-year representational ban may restrict certain post-government

3

activities. As a practical matter, for two years after your Federal service, if you are asked to represent any non-Federal entity to the executive or judicial branch, on any particular matter involving a specific party or parties, you should decline or verify whether the particular matter was pending under your official responsibility during your last year of Federal service.

(3) *One-Year Trade or Treaty Assistance Ban*. Based upon the information that you provided, this ban in 18 U.S.C. § 207(b) does not restrict your post-government employment activities because you did not participate in an ongoing trade or treaty negotiation during your last year in Federal service. The term "treaty" means an international agreement made by the President that requires the advice and consent of the Senate.

(4) *One-Year Cooling-Off Period for Senior Officials*. As a senior official, 18 U.S.C. § 207(c) prohibits you for one year from contacting or appearing before any officer or employee of the agency where you worked during the last year of Federal service on behalf of someone else with the intent to influence any official matter. Under this provision, your "former agency" is the Department of the Navy (DON). During the one-year period, you may not communicate to or appear before any DON employee with the intent to influence on behalf of any other person in connection with any matter in which a DON employee's official action is sought. You measure the one-year period from when you cease to be a senior employee, which is expected to be simultaneous with your retirement date, currently 1 July 2022.

Please note that unlike the restrictions in 18 U.S.C. §§ 207(a)(1) and (2) above, which pertain to particular matters involving specific parties, 18 U.S.C. § 207(c) pertains to *any* matter in which a DON employee's official action is sought. You will be unable to attend meetings on behalf of clients with DON employees, even if you do not speak at the meeting.

You may, however, speak before DON employees at a public gathering or conference, seminar, or similar forum when the event is not sponsored or co-sponsored by the DON; the event is attended by a large number of attendees; and a significant portion of the attendees are not DON employees (5 C.F.R. § 2641.204(g)(4)).

(5) *Restriction on Representing or Aiding Foreign Entities*. As a senior official, 18 U.S.C. § 207(f) prohibits you for one year from knowingly aiding, advising, or representing a foreign governmental entity with the intent to influence a decision of an officer or employee of a department or agency of the United States, or a Member of Congress. Please note that, unlike the restrictions in §§ 207(a) and (c) above, this restriction in § 207(f) bars behind-the-scenes assistance. You measure the one-year period from when you cease to be a senior employee, which is expected to be simultaneous with your retirement date, currently 1 July 2022.

(6) *Exceptions*. There are exceptions to the 18 U.S.C. § 207 restrictions including (but not limited to) acts on behalf of yourself, acts pursuant to official Federal Government duties, and aiding, advising, and representing certain international organizations with prior Secretary of State certification. In addition, you may make uncompensated statements based on special knowledge as an exception to § 207(c). You likewise are not prohibited under § 207(c) from representing state or local governments, hospitals, medical research organizations, or degree-granting institutions of higher learning, when making representations on those institutions'

behalf as an employee, not as an independent contractor or consultant. The Secretary of the Navy also may waive restrictions in 18 U.S.C. §§ 207(a) and (c) that apply to communications made solely to furnish scientific or technical information (*see* Joint Ethics Regulation, § 9-300). You should seek further ethics advice on these statutory exceptions based on specific circumstances, as necessary.

### b. Lobbying Ban under Section 1045 of the NDAA for FY 2018

There are two distinct restrictions under Section 1045: (1) Lobbying contacts and other lobbying activities with covered executive branch officials[1] outside of the Department of Defense (DoD) pertaining to a matter with respect to the DoD;[2] and (2) Lobbying contacts with covered executive branch officials in the DoD. Under the first restriction, you are prohibited from providing behind-the-scenes assistance to a prospective employer as well as participating in a lobbying contact directed towards a covered executive branch official outside of the DoD pertaining to a matter with respect to the DoD. Under the second restriction, you are prohibited from participating in a lobbying contact directed towards a covered executive branch official in the DoD; behind-the-scenes assistance, however, is permitted.

Restricted lobbying contacts include engaging in oral, written, or electronic communications on behalf of an employer with regard to the formulation, modification, or adoption of Federal legislation, rules, regulations, Executive Orders, or any other program, policy or position of the Federal Government. Lobbying contacts also include communications regarding the administration or execution of a Federal program or policy, including negotiation, award, or administration of a Federal contract, grant, loan, permit, or license; and the nomination or confirmation of a person for a position subject to confirmation by the Senate. Restricted lobbying activities means efforts in support of lobbying contacts, including preparation and planning activities, research and other background work that is intended, at the time it is performed, for use in lobbying contacts, and coordination with the lobbying activities of others.

The definition of a lobbying contact in the Lobbying Disclosure Act (2 U.S.C. § 1602) contains several exceptions which may be pertinent in determining whether your participation in a contact or behind-the-scenes assistance with a contact directed to a covered executive branch official is prohibited under Section 1045. These include (but are not limited to) communications compelled by a Federal contract, written responses to a request by a covered executive branch official, and requests for meeting or other administrative requests (absent any attempt to influence a covered executive branch official). Any behind-the-scenes assistance that is intended to support a communication that is excepted under the Lobbying Disclosure Act does not violate

---

[1] A "covered executive branch official" is defined as any person holding one of the following positions: (1) the President or Vice President; (2) any officer/employee in the Executive Office of the President; (3) officer/employee serving in a position in levels I-V of the Executive Schedule (e.g., Presidentially Appointed, Senate Confirmed); (4) member of uniformed services whose pay grade is at or above O-7 (Flag or General Officers); and (5) non-career officials in a confidential, policy-making position (i.e., non-career SES or Schedule C appointee). Career SES are not covered executive branch officials.

[2] "A matter with respect to DoD" is a matter in which the DoD is an identifiable party, such as contract or litigation proceedings. A matter is not considered to be with respect to the DoD simply because the DoD may benefit from or be affected in some way by the matter.

5

Section 1045. Similarly, any behind-the-scenes activity not directed at supporting a lobbying contact is not prohibited by Section 1045.

As an Admiral (O-10), this provision imposes a two-year restriction on you engaging in lobbying activities with respect to the DoD. This ban applies across all DoD components during the applicable two-year cooling-off period. For a more detailed explanation of this post-government employment restriction, *see* DoD Instruction 1000.32, "Prohibition of Lobbying Activity by Former Senior Officials," or please seek further ethics advice.

c. **Compensation Bans**

(1) *Under The Procurement Integrity Act.* Based on the information you provided, you did not serve in a covered position or take a covered action on a contract valued over $10M involving a prospective employer within the last year; therefore, the compensation ban governed by 41 U.S.C. §2101-2107, does not apply to you.

(2) *Under 18 U.S.C. § 203.* You are prohibited from sharing in any compensation for representational services before the executive and judicial branches of the Federal Government, rendered personally or *by another*, at a time when you were still employed by the Federal Government. Accordingly, after you retire from military service, you may not accept compensation for representational services, which anyone provided while you were a Federal employee, before a Federal agency or court regarding particular matters in which the Federal Government was a party or had a substantial interest. This prohibition may affect you if you leave the Federal Government and share in the proceeds of a partnership or business for representational services that occurred before you ended Federal service. Examples of such representational activities include lobbying and consulting.

d. **Restrictions under the Emoluments Clause**

Article I, Section 9, Clause 8, of the Constitution of the United States, prohibits employment of all retired military members by a foreign government unless Congressional consent is first granted (*see* 44 Comp. Gen. 130). Employment by educational or commercial institutions owned, operated, or controlled by a foreign government are included within the scope of this restriction. The penalty for violation is withholding your retirement pay in an amount equal to the foreign salary illegally received (*see* 61 Comp. Gen. 306). Congress consented to the acceptance of civil employment with a foreign government by, among others, retired Regular military members, if both the Secretary of the Military Department and the Secretary of State approve the employment (*see* 37 U.S.C. § 908). This approval is prospective only, so you should not accept foreign civil employment until you have obtained approval. Please note that this provision may apply in less obvious situations, such as foreign government owned/controlled corporations or consultant positions receiving partnership/profit distributions from foreign government clients.

If you would like to accept such employment, you should submit a written request for approval to the Secretary of the Navy through the Chief of Naval Personnel, Office of Legal Counsel (PERS-00L), which may be reached at navyfge.fct@navy.mil for more information. If

6

you are employed with a foreign government or any foreign business interest, you may be required to register as an agent of a foreign principal under the Foreign Agents Registration Act of 1938, 22 U.S.C. § 611 et. seq. Any person who acts as an agent of a foreign principal must file a registration statement with the U.S. Attorney General.

### e. Restriction on Federal Employment

As a retired military member, a six-month cooling-off period applies to you that prohibits civilian employment in or under the DoD (5 U.S.C. § 3326). The hiring component's Secretary, however, may grant a waiver.

### f. Restriction on Use of Non-Public Information

You remain bound not to disclose any non-public Government information that you may have obtained through your Federal employment. Nonpublic information includes classified information, source selection data, information protected by the Privacy Act, proprietary information, information protected by the Trade Secrets Act, and other information that has not been made available to the public and is exempt from disclosure.

### g. Requirement under Section 847 of the NDAA for FY 2008

Based on the information you provided, you did not personally or substantially participate in an acquisition with a value in excess of $10M while serving in a covered position during your last two years of service. Therefore, the requirement to receive a written opinion before accepting compensation from a defense contractor under Section 847 of the National Defense Authorization Act for Fiscal Year 2008 (Pub. L. 110-181) does not apply to you.

## 5. Restrictions on Terminal Leave

You have not indicated that you intend to work for a non-Federal entity during terminal leave. I only note the primary restrictions while you are on terminal leave for your information.

In addition to the compensation ban in 18 U.S.C. § 203 above, 18 U.S.C. § 205 prohibits you from acting as an agent or spokesperson for any entity, other than the United States, before any Federal department or agency in connection with any covered matter in which the United States is a party or has a direct and substantial interest, while you are still a Government employee. A covered matter means any judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, investigation, or other particular matter. This restriction applies whether or not you are compensated. The covered matter does not have to be one with which you previously have been involved, or one that involves the DoD.

While still on active duty, you also may not accept a civil office with a State or local government, nor may you perform the duties of such an office (10 USC § 973(b)(3)).

Lastly, as an OGE 278 filer, you would have to obtain written permission to work for a prohibited source while on terminal leave.

7

## 6. **Requirements for Termination Public Financial Disclosure Report (OGE 278) Filers**

You are required to file a Termination OGE 278 Report within 30 days of your final day of Federal service. The final date of service is the day before your effective retirement date. Based on your current retirement date of 1 July 2022, you must file your Termination OGE 278 Report by 30 July 2022. You may submit the report up to 15 days before your effective retirement date (15 June 2022), but you will have a continuing obligation to disclose any reportable changes between your filing date and your effective retirement date.

## 7. **Conclusion**

These restrictions are complex and fact-dependent. If any of the facts in this opinion are not accurate, please let me know as it could change my analysis on whether a particular restriction applies to you. Title 18 U.S.C. § 216 authorizes criminal and civil penalties, including confinement, criminal fines, civil monetary penalties, and injunctions for violations. If you have any questions about a particular course of action, you should obtain advice before acting to avoid an inadvertent violation. Please contact me at +█████████ or by email at █████████, or OJAG (Administrative Law) at █████████ or █████████ if you have further questions.

Very respectfully,

*B. A. Appleman*

B. A. APPLEMAN
CAPT, JAGC, USN