UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 24–265 (TNM) |
| v. | : | |
| | : | |
| ROBERT P. BURKE, | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT

The United States of America respectfully moves *in limine* for an order to exclude and certain evidence and argument. In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this motion.

**I.      LEGAL STANDARDS**

Motions *in limine* assist the Court in serving its gate-keeping function to keep incompetent evidence or improper argument from the jury by permitting it exclude it in advance of trial. *United States v. Zeese*, 437 F. Supp. 3d 86, 92 (D.D.C. 2020) (quoting *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980) ("Pretrial motions in limine effectuate [Rule 103(d)'s] directive" that inadmissible evidence not be suggested to the jury by any means, and a "'pre-trial ruling, if possible, may generally be the better practice, for it permits counsel to make the necessary strategic determinations").

"To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d); *see also United States v. Young*, 470 U.S. 1, 10 (1985) ("[T]he trial judge has the responsibility to maintain decorum in keeping with the nature of the proceeding; the judge is not a mere moderator, but is the governor of the

trial for the purpose of assuring its proper conduct.") (internal quotations omitted).  In service of this responsibility, the Court has broad discretion to determine whether evidence or argument can properly be presented at trial.  *See United States v. Morgan*, 581 F.2d 933, 936 (D.C. Cir. 1978) ("The district court has wide discretion to admit or exclude evidence where the question is one of relevancy or materiality"); *United States v. Tarantino*, 846 F.2d 1384, 1410 (D.C. Cir. 1988).  This includes excluding evidence or argument whose only purpose is to encourage the jury to nullify.  *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975) (affirming trial court's exclusion of evidence relevant only to jury nullification) (citing *Sparf v. United States*, 156 U.S. 51, 106 (1895); *United States v. Boone*, 458 F.3d 321, 329 (3d Cir. 2006) ("[A] juror . . . who commits jury nullification violates the sworn jury oath and prevents the jury from fulfilling its constitutional role.").  Here, the Court has a sufficient basis to rule in advance of trial to exclude improper evidence and argument so that it is not suggested to the jury in any way.

## II.     EVIDENCE AND ARGUMENT THAT SHOULD BE EXCLUDED FROM TRIAL

### a. The Defendant Should Not Be Allowed to Offer Evidence or Argument that May Lead to Improper Jury Nullification

The Defendant should be precluded from arguing or seeking to admit evidence for the purpose of encouraging the jury to nullify its verdict; such argument and evidence is not admissible. Federal courts have universally excluded evidence and arguments that encourage jury nullification.  *See United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983) ("A jury has no more 'right' to find a 'guilty' defendant 'not guilty' than it has to find a 'not guilty' defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law.  Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power."); *see also United States v. Wilkerson*, 966 F.3d 828, 835 (D.C. Cir. 2020) (Federal courts have "categorically reject[ed] the

idea that, in a society committed to the rule of law, . . . courts may permit [jury nullification of the law] to occur when it is within their authority to prevent" ) (quoting *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997)); *Gorham*, 523 F.2d at 1097-98 (affirming exclusion of evidence sought to entice jury nullification and agreeing that introduction of the evidence "would have been unnecessarily confusing and potentially prejudicial"); *United States v. Moss*, 297 F. App'x. 839, 841 (11th Cir. 2008) (granting government motion *in limine* to exclude defense evidence "intended to inspire a jury to exercise nullification"); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("[N]either the court nor counsel should encourage jurors to [nullify] . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification.").

> More specifically, the D.C. Circuit has explained why jury nullification is improper:
>
> This so-called right of jury nullification is put forward in the name of liberty and democracy, but its explicit avowal risks the ultimate logic of anarchy. This is the concern voiced by Judge Sobeloff in *United States v. Moylan*, 417 F.2d 1002, 1009 (4th Cir. 1969), cert. denied, 397 U.S. 910, 90 S.Ct. 908, 25 L.Ed.2d 91 (1970):
>
>> To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos. No legal system could long survive if it gave every individual the option of disregarding with impunity any law which by his personal standard was judged morally untenable. Toleration of such conduct would not be democratic, as appellants claim, but inevitably anarchic.

*United States v. Dougherty*, 473 F.2d 1113, 1133–34 (D.C. Cir. 1972).

Based on these principles, the United States moves this Court to exclude from evidence certain information relating to the following topics:

 a. <u>Defendant's status as a former member of the armed forces</u>. *See United States v. Rios*, 180 F.3d 262 (5th Cir. 1999) (court properly excluded a defendant's military record as irrelevant character evidence); *United States v. Solomon*, 686 F.2d 863, 873–74 (11th Cir. 1982) (properly excluding evidence of defendant's military service and number of children as an improper attempt to interject specific

      instances of conduct);

   b. <u>Defendant's participation in the community</u>. *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (evidence of "bravery, attention to duty, perhaps community spirit—were hardly 'pertinent' to the [charged] crimes"); *United States v. Morison*, 622 F. Supp. 1009, 1010–11 (D. Md. 1985) ("patriotism" not relevant trait to charge);

   c. <u>Defendant's religious beliefs and habits</u>. *See United States v. Bernard*, 299 F.3d 467, 476 (5th Cir. 2002) (approving court's sentencing instruction that jurors should not "consider the religious views of the defendants"); *United States v. Goxcon Chagal*, 885 F. Supp. 2d 1118, 1158–59 (D.N.M. 2012) ("[R]ule 610[ ] is . . . designed to avoid a jury drawing improper inferences about a witness' character or credibility in light of the witness' religious beliefs. . . ."); *see also* FED. R. EVID. 610;

   d. <u>Defendant's family status</u>. *See United States v. Santana-Camacho*, 931 F.2d 966, 967 (1st Cir. 1991) (excluding evidence that defendant was a good family man because it was not a trait relevant to the offense); *United States v. Paccione*, 949 F.2d 1183, 1201 (2d Cir. 1991) (court properly excluded evidence that defendant had devoted his life to caring for a son with cerebral palsy); and

   e. <u>Defendant's status as a kind, moral, or hard-working person</u>. *See Santana-Camacho*, 931 F.2d at 967 (excluding evidence that defendant was a kind man); *United States v. Perez*, 459 F. App'x 191, 198 (3d. Cir. 2012) (family and work life not relevant and "pose[d] an improper risk of jury nullification").

None of these topics are probative of an element of the charged offenses or an affirmative defense available to the Defendant and all of them could lead to improper nullification.

   **b. The Defendant Should Not Be Allowed To Introduce Evidence of His General Good Character and Specific Instances of Good Conduct.**

Similarly, the Defendant should be precluded from offering statements and arguments of his good character and evidence of specific instances of good conduct. Such arguments are made with the improper purpose of inviting jury nullification and are not allowed under Federal Rule of Evidence 404.

Federal Rule of Evidence 404(a)(1) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in

accordance with the character or trait." This rule means that "[e]vidence of a person's character is generally not admissible to prove that he acted in conformity therewith on a particular occasion." *Government of the Virgin Islands v. Grant*, 775 F.2d 508, 510 (3d Cir. 1985). The rule applies to prior good acts as well as prior bad acts of the Defendant: "[f]or the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes." *United States v. Dimora*, 750 F.3d 619 (6th Cir. 2014). In other words, "evidence of good conduct is not admissible to negate criminal intent." *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008).

Rule 404(a) includes a limited exception for criminal defendants that does not apply here. Rule 404(a)(2) provides that a criminal defendant "may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." That exception does not apply in this case because any potential purported prior good acts are not relevant to any character trait that is "pertinent" to any of the charges against the Defendant. Further, any minimal probative value attendant to admitting evidence regarding conduct not at issue in this case would be substantially outweighed by the high likelihood of jury confusion and the risk of jury nullification. *See United States v. Carpenter*, No. 21-305, 2023 WL 1860978 (D.D.C. Feb. 9, 2023) (finding that specific instances of good conduct unrelated to a character trait that is an essential element of a charge would violate Rule 405); *see also United States v. Sutton*, No. 21-0598, 2022 WL 13940371, (D.D.C. Oct. 23, 2022) (same); *United States v. Chwiesiuk*, No. 20-0536, 2023 WL 3002493 (D.D.C. Apr. 19, 2023, J. Kollar-Kotelly) (same).

The Government anticipates that the Defendant may attempt to argue or introduce evidence that he is a veteran of the U.S. Navy, who served for almost thirty years, and received many awards and commendations. He may also attempt to argue or introduce evidence that he honestly

performed his duties on specific occasions. Such arguments are inadmissible. *See United States v. Washington*, 106 F.3d 983, 999–1000 (D.C. Cir. 1997) (excluding from trial a defendant police officer's prior commendations because the commendations were neither "pertinent" nor probative of an essential element); *see also United States v. O'Connor*, 580 F.2d 38, 43 (2d Cir. 1978) (excluding such evidence in a bribery case). The Court should follow these cases and not permit the Defendant to introduce evidence that he received commendations or positive performance reviews, or that he performed his duties satisfactorily in other instances. To the extent the Defendant wishes to offer character evidence, it should be limited to introducing only general reputation or opinion evidence concerning a pertinent character trait.

### c. Statements About Punishment or Collateral Consequences of Conviction Should Be Prohibited

The Court should preclude as irrelevant and prejudicial any reference to the Defendant's potential sentence during all phases of the trial, including jury selection, opening statements, examination of witnesses—to include the Defendant if he elects to testify—and summation. That reference could be as overt as, "You understand the defendant is facing multiple years in prison if convicted," or more subtle such as, "the defendant is facing a lot of time," "this case has serious consequences for the defendant," "the defendant's liberty is at stake in this trial," or "your decision will have consequences for a long time to come."

"The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury." *See, e.g., Shannon v. United States*, 512 U.S. 573, 579 (1994) ("The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged."). Besides being "irrelevant to the jury's task," such "information invites [jurors] to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong

possibility of confusion." *Id.* Accordingly, a jury "should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Id.* (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). Under this well-established principle, the defendants and their counsel must be prohibited from referencing in the presence of the jury, whether directly or indirectly, the penalties associated with the charged offenses, or any collateral consequences that the proceedings may cause for the Defendant, his livelihood, or his other activities. Any mention of the potential penalties or other consequences faced by the Defendant would serve only the improper purpose of jury nullification. Therefore, the Defendant should be precluded from making any reference to punishment or the consequences of such punishment on the Defendant or his family.

### d. All Evidence And Arguments Regarding The Government's Charging Decisions Should be Precluded.

The D.C. District Court has recognized that the "Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws." *United States v. Stone*, 394 F. Supp. 3d 1, 10 (D.D.C. 2019) (internal quotations omitted) (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). This authority "lies at the core of the Executive's duty to see to the faithful execution of the laws." *Id.* (internal quotations omitted) (quoting *Cmty. for Creative Non-Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C. Cir. 1986)); *accord* U.S. Const. Art. II, § 3; *see* 28 U.S.C. §§ 516, 547.

As a general matter, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 368 (1978); *accord United States v. Cespedes*, 151 F.3d 1329, 1332 (11th Cir. 1998); *see also United States v. Batchelder*, 442 U.S. 114, 124–25 (1979) ("Selectivity in the enforcement of criminal laws is, of course, subject to constitutional

constraints."). The claim that others "could have been charged but were not" is not a factual defense that bears upon whether the defendant is guilty of the crimes charged by the Grand Jury. *See Armstrong*, 517 U.S. at 463-64.  *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000). Evidence that some other individual is currently uncharged has no probative value to the issues at trial and serves only to confuse or mislead the jury. *See* Fed R. Evid. 402, 403.

Judged under these legal principles, the Defendant should be precluded from introducing evidence or making arguments regarding charging decisions made by the United States, including any argument that the charges in this case were politically motivated. *See United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) ("[T]he defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury.")  To the extent that Defendant seeks to present evidence or arguments: (1) that the charges in this case were politically motivated; (2) that other individuals have not been charged for similar or related conduct; or (3) that it is unfair that Defendant was charged, while other individuals involved in criminal conduct remain uncharged, such evidence is irrelevant, inadmissible, and only serves to divert the jury's attention to matters unrelated to Defendant's guilt or innocence. *Gorham*, 523 F.2d at 1097–98 (affirming a trial court order precluding defense evidence that might encourage a "conscience verdict" of acquittal).

## **CONCLUSION**

To ensure the jury reaches a verdict based on the facts and evidence properly presented at trial, the Government hereby asks that the Court grant its motion *in limine*.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052


By:     /s/ Rebecca G. Ross
       Rebecca G. Ross
       NY Bar # 5590666
       Assistant United States Attorney
       601 D Street N.W.
       Washington, DC 20530

       Trevor Wilmot
       Kathryn E. Fifield
       Trial Attorneys
       1301 New York Ave. NW
       Washington, D.C. 20530

**CERTIFICATE OF SERVICE**

Rebecca G. Ross, attorney for the United States, hereby certifies that a true and correct copy of this notice has been electronically served on attorney for the defendant.

>                 */s/ Rebecca G. Ross*
>                 Rebecca G. Ross