**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

----------------------------------------------X

UNITED STATES OF AMERICA

    -against-                           Case No.: 1:24-cr-00265-TNM

ROBERT P. BURKE, et. al.

----------------------------------------------X

**DEFENDANT ROBERT BURKE'S MOTION TO ADJOURN TRIAL DATE**

Defendant Admiral Robert P. Burke, through his counsel, respectfully moves this Court to adjourn the trial date currently scheduled for February 19, 2025, to May 6, 2025, the date currently scheduled for the co-defendants' trial. The grounds for this request are as follows:

The discovery in this case is extensive, comprising 910,703 documents totaling 2,620,683 pages. The sheer volume necessitates additional time for thorough review and preparation.

Courts have recognized that the complexity and volume of discovery can justify an adjournment to ensure adequate preparation time. For instance, in *United States v. Bikundi*, 441 U.S. App. D.C. 293, 310 (D.C. Cir. 2019), the Circuit agreed with the District Court's determination that where "the large volume of discovery underlying the charges in the initial indictment, a continuance would permit defense counsel and the government time to both produce discovery and review discovery and evaluate the evidence."

Given the complexity and volume of the discovery materials, additional time is essential to ensure that the defense can adequately prepare for trial. This preparation is critical to safeguarding the Defendant's right to a fair trial. The Sixth Amendment

guarantees the right to effective assistance of counsel, which includes sufficient time to prepare a defense.

Defense Counsel has been diligent in reviewing the discovery, however this process is also complicated by other engagements.  For example, although other members of the firm are working hard on discovery review, lead counsel is currently engaged in representing a long-time client through an arduous Senate confirmation process to be the next Secretary of Defense and this will largely monopolize undersigned counsel's schedule until the confirmation hearings in mid-January.

Adjourning the trial date will not prejudice the Government and will serve the interest of justice by allowing the defense sufficient time to prepare. The Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), provides that a court may grant a continuance if the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. The extensive discovery in this case presents a compelling reason for such a continuance.  Although the proposed adjournment does not prejudice the Government, I have been informed that they oppose this motion.

The only party who could be potentially prejudiced by this application are the co-defendants, as this proposed adjournment will also push their trial date out.  It is my understanding that at the conference on November 22, 2024, William Burck, counsel for Defendant Kim informed the Court that he had a potential conflict with a trial in the Southern District of New York. As a result, I have been informed by counsel for co-defendants, Yongchul "Charlie" Kim and Meghan Messenger that the co-defendants take no position on this request

WHEREFORE, Defendant Robert Burke respectfully requests that this Court adjourn the trial date to May 6, 2025, to allow for adequate preparation in light of the voluminous discovery and to safeguard the Defendant's right to a fair trial and effective assistance of counsel.

Respectfully submitted,

Timothy C. Parlatore
Parlatore Law Group, LLP
*Counsel for Admiral Robert P. Burke*
260 Madison Avenue, 17th Floor
New York, NY 10016