UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------X
UNITED STATES OF AMERICA

   -against-                                       Case No.: 1:24-cr-00265-TNM

ROBERT P. BURKE, et. al.
---------------------------------------------X

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S RULE 404(b) NOTICE

### I. Introduction

Defendant Robert P. Burke, through counsel, respectfully submits this opposition to the Government's notice of intent to introduce evidence under Federal Rule of Evidence 404(b). The Government seeks to admit evidence of a conversation between Admiral Burke and a witness regarding their romantic relationship.

In their Notice, the Government admits that they are seeking to introduce this evidence for propensity purposes, which is exactly the purpose that the Federal Rules prohibit. In their papers, the Government makes the surprising admission that they intend to show that because Admiral Burke wanted to hide his romantic relationship with a witness, that "makes it more likely that he acted with intent to deceive when making false statements to the Navy Ethics Officer." This is the textbook definition of inadmissible propensity evidence.

This evidence is irrelevant to the charges and poses a significant risk of unfair prejudice, confusion, and misleading the jury.

### II. Legal Standard

Under Rule 404(b), evidence of other crimes, wrongs, or acts is inadmissible to prove a person's character to show action in conformity therewith. However, such evidence may be admissible for other purposes, such as proving motive, intent, or absence of mistake. The D.C.

Circuit employs a two-step analysis: (1) the evidence must be relevant to a material issue other than character, and (2) its probative value must not be substantially outweighed by the risk of unfair prejudice, confusion, or waste of time, as per Rule 403. *United States v. Douglas*, 375 U.S. App. D.C. 499, 504, 482 F.3d 591, 596 (D.C. Cir. 2007), *citing United States v. Bowie*, 344 U.S. App. D.C. 34, 232 F.3d 923, 930 (D.C. Cir. 2000).

**III. Argument**

**A. The Evidence is Irrelevant to Any Material Issue Other Than Character**

   1. **Lack of Direct Connection to Charged Conduct**

The conversation between Admiral Burke and the witness pertains to their romantic relationship, not to any criminal or illegal activity, but the information that they are talking about in this recorded conversation is not related to the charges in this case – Company A is never mentioned. The Government may argue that this evidence demonstrates Burke's intent to conceal information. However, the romantic nature of the relationship is not directly relevant to the material issues in the case, such as the alleged bribery or conspiracy. In *U.S. v. Lentz*, 282 F.Supp.2d 399 (E.D. Va. 2002), the court noted that evidence of an extramarital affair could be admissible if it directly relates to intent or motive. Here, no such connection exists, as the evidence does not bear on Burke's intent, motive, or any other permissible purpose under Rule 404(b). The government argues that wanting to keep their romantic relationship secret makes it more likely that Admiral Burke would attempt to keep evidence related to the charges in this case secret as well without producing any evidence of how the two issues are connected. At the time of the recording, Admiral Burke had no knowledge that he was under investigation for anything related to Company A and was only speaking to the witness about preserving their right to privacy regarding their extramarital relationship. Admiral Burke was married and did not want information

regarding their relationship to become public, which has no bearing on the charges in this case – no fact at issue in this case is made more or less likely because he did not want his affair to become public.

2. **Absence of Non-Propensity Purpose**

The government explicitly wants to use this information for the most basic impermissible purpose as propensity evidence, as stated in their motion:

> The evidence that Burke deleted relevant records in April 2022- to explicitly disrupt and expected investigation – makes it more likely that he acted with intent to deceive when making false statements to the Navy Ethics Officer in March and May 2022" –

Docket #68, p.5.

The Government has not articulated a legitimate non-propensity purpose for introducing this evidence. The mere fact of a romantic relationship does not establish motive, intent, or any other relevant factor related to the charges. In *United States v. Russell*, 971 F.2d 1098 (4th Cir.1992), the court emphasized that such evidence must be relevant to a specific issue in the case, such as intent or motive. Here, the evidence of a romantic relationship that had been private that may now become public and affect the personal and professional lives of both Admiral Burke and the witness does not serve a similar purpose. The government intends to offer this for propensity only, and they made no showing that he knew of the investigation regarding his interactions with Company A and no other purpose is met. No permissible purpose related to his motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident *related to the charged offenses* apply in this case.

**B. The Evidence is Substantially More Prejudicial Than Probative**

    1. **Unfair Prejudice**

The introduction of evidence regarding a romantic relationship risks unfairly prejudicing the jury against Admiral Burke by suggesting moral impropriety. This could lead the jury to make decisions based on emotional reactions rather than focusing on the legal issues at hand. The potential for prejudice is particularly high given the personal and sensitive nature of the evidence. As highlighted in *United States v. Brown*, Criminal No. 7:18-cr-49 (W.D. Va. Mar 26, 2019), the court outlined a four-factor test for admitting prior-bad-acts evidence under Rule 404(b), which includes assessing the potential for unfair prejudice. Not wanting your extramarital romantic relationship to become public knowledge is a far cry from intending to deceive investigators you don't know are investigating you for bribery; no nexus has been made.

    2. **Confusion and Misleading the Jury**

Introducing evidence of a romantic relationship may confuse the jury by shifting their focus from the alleged criminal conduct to personal matters that are not relevant to the charges. The jury might be misled into thinking that the romantic relationship itself is indicative of criminal behavior, which it is not. This aligns with the principles discussed in *United States v. Nace*, CR-21-198-RAW (E.D. Okla. Feb 28, 2022), where the court emphasized the importance of the purpose for which the evidence is introduced.

    3. **Cumulative and Unnecessary**

If the Government already has substantial evidence related to the alleged criminal conduct, introducing this evidence may be cumulative and unnecessary, they have alleged there is information that he attempted to mislead investigators, whether he wanted to conceal personal

matters does not make that more or less probable. The probative value of the evidence is minimal, and its introduction would only serve to distract and confuse the jury.

## IV. Conclusion

For the foregoing reasons, Admiral Burke respectfully requests that the Court exclude the evidence of the conversation regarding the romantic relationship under Rule 404(b) and Rule 403. The evidence is irrelevant to any material issue other than character and poses a significant risk of unfair prejudice, confusion, and misleading the jury.

Respectfully submitted,

Timothy C. Parlatore, Esq.
Parlatore Law Group, LLP
*Counsel for Admiral Burke*
260 Madison Avenue, 17th Floor
New York, New York 10016