**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

----------------------------------------------X

UNITED STATES OF AMERICA

   -against-                              Case No.: 1:24-cr-00265-TNM

ROBERT P. BURKE, et. al.
----------------------------------------------X

## DEFENDANT'S RESPONSE TO UNITED STATES' MOTION IN LIMINE TO ADMIT CERTAIN EVIDENCE

Defendant Robert P. Burke, by and through undersigned counsel, submits this response to the United States' Motion *in Limine* to Admit Certain Evidence. While the Defendant concedes the authenticity of the evidence as outlined in the government's motion, the Defendant reserves the right to object to the admissibility of such evidence on other grounds, including but not limited to relevance, undue prejudice, hearsay, and any other applicable rules of evidence.

### Concession of Authenticity

The Defendant acknowledges that the certifications provided by the government satisfy the requirements for self-authentication under the Federal Rules of Evidence, specifically Rules 902(11), 902(13), and 902(14). Therefore, the Defendant does not contest the authenticity of the digital evidence extracted from the phones or the business records identified in the motion.

### Reservation of Rights

However, the Defendant expressly reserves the right to object to the admissibility of the evidence on the following grounds:

1. **Relevance**: The Defendant may object to evidence that is not relevant to the issues at trial under Federal Rule of Evidence 401.

2. **Undue Prejudice**: The Defendant may object to evidence that, while relevant, poses a risk of unfair prejudice, confusion, or misleading the jury, which substantially outweighs its probative value under Federal Rule of Evidence 403.

3. **Hearsay**: The Defendant may object to any statements within the evidence that constitute hearsay and do not fall within an exception to the hearsay rule under Federal Rule of Evidence 802.

4. **Other Grounds**: The Defendant reserves the right to object on any other grounds that may arise during the course of the trial.

## Conclusion

In conclusion, while the Defendant does not contest the authenticity of the evidence as presented by the government, the Defendant maintains the right to challenge the admissibility of such evidence on other legal grounds. The Defendant respectfully requests that the Court acknowledge this reservation of rights and allow for appropriate objections to be raised at trial.

Respectfully submitted,

Timothy C. Parlatore, Esq.
Parlatore Law Group, LLP
*Counsel for Admiral Burke*
260 Madison Avenue, 17th Floor
New York, New York 10016