UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------X
UNITED STATES OF AMERICA

   -against-                                      Case No.: 1:24-cr-00265-TNM

ROBERT P. BURKE, et. al.
---------------------------------------------X

**DEFENDANT'S RESPONSE TO UNITED STATES' MOTION IN LIMINE**

Defendant Robert P. Burke, by and through undersigned counsel, respectfully submits this response to the United States' Motion *in Limine* to exclude certain evidence and argument. For the reasons set forth below, the Court should deny the government's motion.

**I. Introduction**

The government's motion seeks to exclude evidence and arguments that are not only relevant but essential to the defense's case. The exclusion of such evidence would prevent the jury from considering the full context of the charges and the credibility of the government's key witness. The defense contends that the evidence in question is admissible under the Federal Rules of Evidence and is critical to ensuring a fair trial.

**II. Legal Standards**

The government correctly notes that motions in limine assist the Court in its gatekeeping function to exclude incompetent evidence or improper argument. However, the Court's discretion must be exercised in a manner that ensures the defendant's right to present a complete defense. The D.C. Circuit has emphasized the importance of allowing the jury to hear all relevant evidence to make an informed decision. *United States v. Hodge*, 19 F.3d 51, 53 (D.C. Cir. 1994).

1

**III. Argument**

**A. Relevance of Military Service**

The government curiously seeks to exclude evidence of "Defendant's status as a former member of the armed forces," arguing it is irrelevant. However, the charges against Admiral Burke are directly related to his position as an Admiral in the U.S. Navy. Indeed, the opening sentence of the indictment reads:

> Defendant ROBERT P. BURKE, a resident of the State of Florida, was a four-star Admiral in the United States Navy ("Navy"). From July 2020 until his retirement on August 1, 2022, BURKE held the position of Commander, U.S. Naval Forces Europe and Africa, which was one of nine operational commands in the Navy. Headquartered in Naples, Italy, BURKE oversaw all Navy operations in Europe, Russia, most of Africa, and their surrounding waters, and he commanded thousands of military and civilian personnel. As a Navy Admiral, BURKE was a public official; that is, BURKE acted for and on behalf of the United States in an official function under the authority of the Navy.

The Government's argument is extremely confusing on this point, rendering it difficult to understand whether they are seeking to prove a charge of bribery, while also withholding from the jury whether the Defendant was a government official. To the extent that the Government wishes to preclude any evidence on this element of the offense, a dismissal may be a more appropriate remedy.

However, to the extent that the Government intends to introduce evidence of "Defendant's status as a former member of the armed forces," it is contradictory to then ask this Court to prohibit the Defense from doing the same.

The D.C. Circuit has recognized that evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and is "of consequence in determining the action" *United States v. Moore*, 651 F.3d 30, 63 (D.C. Cir. 2011).

Moreover, Admiral Burke's four-decade-long military career is a testament to his consistent ethical conduct and dedication to duty. Throughout his service, he has demonstrated unwavering integrity and adherence to ethical standards, which directly undermines the possibility that he acted illegally in this instance. The D.C. Circuit has allowed the admission of character evidence when it is directly related to the charges *United States v. Whitmore*, 359 F.3d 609, 615 (D.C. Cir. 2004).

While the government argues that character evidence is inadmissible under Federal Rule of Evidence 404, the rule allows for the admission of character evidence when it is pertinent to the charges. Admiral Burke's service record demonstrates traits such as discipline, responsibility, and ethical conduct, which are relevant to the defense. His exemplary military career provides a strong foundation for arguing that he would not have engaged in the alleged illegal activities. This evidence is crucial for the jury to consider, as it provides a comprehensive view of Admiral Burke's character and the improbability of his involvement in the alleged bribery.

Excluding such evidence would prevent the jury from fully understanding the character and motivations of Admiral Burke, which are essential to assessing the likelihood of the charges against him. The defense contends that this character evidence is not only relevant but necessary to ensure a fair trial and a just verdict.

**B. The Government's Charging Decision**

The government argues that its charging decisions are irrelevant to the issues at trial. However, the timing and context of the indictment against Admiral Burke are highly relevant to demonstrating potential bias and a lack of thoroughness in the government's investigation.

This indictment was brought one week after the dismissal of all convictions in the "Fat Leonard" cases due to prosecutorial misconduct.[1] Some of the same investigators who participated in that botched investigation and prosecution are also part of the investigative team in this case. The abrupt dismissal of all convictions and charges in the largest case of alleged corruption in the U.S. Navy history and the hasty indictment of Admiral Burke suggest a reactionary decision by the government to pursue a factually deficient case to compensate for its prior prosecutorial failures.

The indictment in this case was clearly hastily brought, as the Government failed to properly evaluate the credibility of "Person 3." This witness is the complainant, who caused this investigation to be initiated after Admiral Burke terminated their romantic relationship. As outlined in separate motions, the Government obtained a search warrant relying on Person 3 as the sole source of information without informing the Court that there were several prior adverse findings as to her credibility. Throughout the discovery process, there has been a steady trickle of *Giglio* material, all of which was in the Government's control and could have but wasn't considered prior to the charging decision in this case.

As the linchpin of the Government's case is the contents of a lunch meeting, where they allege that the *quid pro quo* was agreed to, relies solely on the deeply flawed eyewitness testimony of Person 3, it is certainly relevant and appropriate to cross examine investigators on their efforts (or lack thereof) to corroborate her story or to evaluate her credibility before the charging decision. The fact that some of these same investigators

---

[1] https://www.navytimes.com/news/your-navy/2024/05/21/felony-convictions-of-5-retired-officers-dismissed-in-fat-leonard-case/

were involved in the failed "Fat Leonard" cases also demonstrate potential bias and motive to jam through an inadvisable case to recover from that embarrassment.

It would also be fair argument on closings to show the jury the rushed and incomplete nature of the investigation and to question why the Government has chosen to bring these charges in the first place.

## C. Addressing Jury Nullification Concerns

The defense does not intend to encourage jury nullification. Instead, we seek to present a comprehensive view of Admiral Burke's character and circumstances, which are directly relevant to the charges. The D.C. Circuit has acknowledged the importance of allowing the jury to hear all relevant evidence to make an informed decision. *United States v. Hodge*, 19 F.3d 51, 53 (D.C. Cir. 1994). Excluding evidence that provides context for the defendant's actions would undermine the fairness of the trial. The jury should be allowed to consider all relevant factors in reaching its verdict.

## D. Discussion of Punishment and Consequences

While the defense acknowledges that references to punishment are generally inadmissible, such references may be necessary to provide context for Admiral Burke's state of mind or motivations, if relevant to the defense. If the potential consequences of conviction influenced Admiral Burke's actions or decisions, this may be relevant to the defense and should be considered by the jury. The Court can provide appropriate instructions to the jury to ensure that they focus on the evidence and not the potential consequences of their verdict.

## IV. Conclusion

For the foregoing reasons, the Court should deny the government's motion *in limine* and allow the defense to present evidence and arguments that are crucial to

5

Admiral Burke's defense. Excluding this evidence would deprive the jury of essential context and undermine the fairness of the trial.

                                            Respectfully submitted,

                                            Timothy C. Parlatore, Esq.
                                            Parlatore Law Group, LLP
                                            *Counsel for Admiral Burke*
                                            260 Madison Avenue, 17th Floor
                                            New York, New York 10016