UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 24–265 (1) (TNM) |
| v. | : | |
| | : | |
| ROBERT P. BURKE, | : | |
| | : | |
| Defendant. | : | |

UNITED STATES' REPLY IN SUPPORT OF ITS
NOTICE OF INTENT TO USE EVIDENCE UNDER FED. R. EVID. 404(B)

Pursuant to Federal Rule of Evidence 404(b), the Government noticed an April 15, 2022, recording between the Defendant, a Navy Admiral, and "Person 3," a civilian employee of the Navy who had been a personal companion of the Defendant's in 2021. ECF No. 68. The Government did so because the recording—which occurred less than a month before the Defendant deceived Navy officials as part of the charged conduct in this case, *see* ECF No. 1 at ¶¶ 46(c)-(d)—represents the Defendant's attempt to obstruct a potential military-criminal investigation into his extramarital romantic relationship with Person 3, and thus is inextricably intertwined evidence of the charged conduct and relevant 404(b) evidence of his intent, knowledge, motive, and absence of mistake to deceive the Navy. In his opposition, ECF No. 85, the Defendant mischaracterizes the recorded conversation—ignoring his own clear statements directing Person 3 to destroy evidence and fabricate a false narrative—and misstates both Rule 404(b)'s requirements and the Government's non-propensity purposes for seeking the evidence's admission. His arguments fail, and the Court should admit the Government's proposed Rule 404(b) evidence because it is highly probative, offered for proper non-character purposes, and is not unfairly prejudicial.

**DISCUSSION**

As an initial matter, all the Defendant's faulty arguments rest on his effort to spin the recorded conversation as the Defendant "only speaking to the witness about preserving their right to privacy regarding their extramarital relationship." *See* ECF No. 85 at 2-3. As described in the Notice, however, the Defendant's actions were not borne out of privacy concerns. *Id*. at 4-7. As an experienced Admiral, the Defendant knew that extramarital romantic relationships violate Article 134, paragraph 62 of the Uniform Code of Military Justice, and he took steps to obstruct the Navy investigation that he expected to ensue—including by deleting records and trying to co-opt Person 3 into his obstruction. *See*, *e.g.*, ECF No. 68 at 2 ("I've watched every one of these cases for the last seven years as somebody in a position to render decisions on them.")). In any event, at most, a privacy justification to explain the call is a defense to the weight of the evidence, not an argument that it lacks relevance under Rule 404(b). *See* ECF No. 68 at 4 (Rule 404(b) as "quite permissive" in practice (citing *United Sates v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc))).[1] In addition, the recorded conversation is admissible as inextricably intertwined evidence of the charged conduct because as the Defendant directed Person 3 to destroy evidence in the recording, he knew that any inquiry into their relationship would involve investigators accessing "everything," including "personal emails," *see* ECF No. 68 at 2, and that the Defendant's personal communications with Person 3 included evidence that she had joined him at the meeting in which the Defendant accepted a *quid pro quo* offer in which he facilitated a Navy contract for Company A in exchange for post-retirement employment with Company A. *See* ECF No. 1 at ¶35. His direction to destroy information is thus direct evidence of his consciousness of guilt.

---

[1] In any event, it was Person 3, not the Defendant, who invoked privacy interests. She stated, "you don't have to give everything that's subpoenaed. You can enter an objection. You can just say by dating past is not relevant." The Defendant shot this down: "They can go through my private stuff. They're not gonna find anything, it's all gone." He then encouraged Person 3 to hide her records.

Otherwise, the Defendant's opposition misses the mark for several reasons. First, the Defendant's opposition misunderstands Rule 404(b), which requires only that the proffered evidence be probative of a material issue other than character, and not, as he suggests, directly connected to the charged conduct, *see* ECF No. 85 at 2. Second, the opposition ignores the multiple, non-character bases on which the Government is offering the highly probative evidence. And third, the Defendant's arguments that the recording is unfairly prejudicial are unavailing.

**A. The Recording is Highly Probative for Purposes Permitted Under Rule 404(b).**

The Defendant misses the point of Rule 404(b) by arguing that the recording is irrelevant because he never mentioned Company A and did not know there was an open bribery investigation. *See* ECF No. 85 at 2. All Rule 404(b) requires is that the evidence be probative of a material issue other than character. *See United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1990). Here, it is likely that the Defendant will try to defend against the allegations he deceived the Navy in May 2022 by asserting an innocent explanation for them, such as a miscommunication, a misinterpretation, a bad memory, sloppiness, or good-faith mistake. Any one of these "lack of intent" defenses will be a hurdle for the prosecution to overcome. Proof that the Defendant acted with deceitful design toward the Navy in April 2022 is relevant to show whether he had criminal intent a month later when he deceived a Navy ethics officer. Furthermore, on the recording, the Defendant stated his knowledge of Navy investigative processes and procedures and how best to obstruct them. *See* ECF No. 68 at 2. This stated knowledge is both relevant and probative of the Defendant's criminal conduct at issue here—it demonstrates that he acted with the requisite intent and knowledge, and that his criminal conduct was not the result of a mistake or accident. Thus, the recording is more than "closely related to the offense" to be relevant evidence of intent. *See* ECF No. 68 at 4-5 (citing *United States v. Long*, 328 F.3d 655, 660-61 (D.C. Cir. 2003); *see also United States v. Williams*, 507 F. Supp. 181, 190 (D.D.C 2020) ("The government is allowed to admit

3

404(b) evidence in the government's case-in-chief in anticipation that a defendant will deny intent or knowledge.").[2]

The Defendant also confuses the issues by focusing on his extramarital affair with Person 3 rather than his obstructive statements. He suggests that because the context for the call was the extramarital relationship with Person 3, the fact of the illicit relationship – in and of itself – must be probative of intent or motive. (*Id*. at 2). But the nature of the relationship is of no particular concern to the Government, except that it explains why Person 3 was a witness to key events in the conspiracy. Instead, it is the proper purposes for which the Government seeks to introduce the recording that matter here—purposes that the Defendant fails to persuasively undermine. For example, while the Defendant cites *United States v. Lentz*, 282 F. Supp. 2d 399 (E.D. Va. 2002), to show that the fact of an extramarital relationship must be relevant to be admissible under Rule 404(b), nothing in that 23-year-old, out-of-district case supports his argument. *See* ECF No. 85 at 2. In *Lentz*, the Government charged that the defendant kidnapped and murdered his wife in the midst of their divorce proceedings. 282 F. Supp. 2d at 409. In that distinguishable context, the trial court admitted and denied various Rule 404(b) evidence pertaining to the defendant's prior abuse of his wife, his prior misconduct toward his wife's associates, and his abuse of other women. *See id*. at 427-439. When evidence was excluded, it was because it was too remote in time to be probative (*e.g.*, other acts of abuse that occurred six years before the charged conduct), the evidence was word-of-mouth hearsay, or because the explosive nature of some of the spousal abuse

---

[2] It is reasonable to believe that the Defendant was also seeking to delete and conceal evidence about the bribe scheme with Kim and Messenger. Taking the Defendant at his word that he went "looking hard . . . in a lot of places," and destroyed "everything," ECF No. 68 at 3, it is logical to conclude that the Defendant reviewed his personal messages with Person 3 during their relationship, which was co-extensive with key events in the bribe scheme here. The Defendant would have seen, for example, a message he wrote to Person 3 in which he stated that he "essentially agreed to work for" Kim and Messenger several months before he ordered a Navy contract for Company A. The Government possesses this evidence because Person 3 did not accede to the Defendant's demand to destroy or hide her communications, but instead shared them with the Government.

4

carried profound Rule 403 concerns in a murder case. *See*, *e.g.*, *id*. at 431-436. None of those issues are present here.

### B. The Government Does Not Seek to Use the Recording as Character Evidence.

Next, the Defendant declares that if the recording is not relevant under Rule 404(b)(2), its only purpose must be to prove that that he was acting in accordance with his character, in violation of Rule 404(b)(1). *See* ECF No. 85 at 3. But the Defendant cannot point the Court to any persuasive authority to support his character evidence argument. He relies, for example, on *United States v. Russell*, 971 F.2d 1098 (4th Cir. 1992), to establish that the fact of a romantic relationship must itself be "relevant to a specific issue in the case." ECF No. 85 at 3. Nothing in *Russell* conflicts with the Government's position here. In *Russell*, the Fourth Circuit affirmed under Rule 404(b) the admission of testimony that the defendant engaged in extramarital affairs as relevant to motive where the defendant was charged of murdering his wife. 971 F.2d 1100, 1106-07. It appears that *Russell* engaged with the notion of Rule 404(b)(1) character evidence only to the extent that it rejected the defendant's argument that the affairs were improper character evidence. *See id*. at 1106-07. The Court can safely reject the Defendant's character evidence argument here, as well.

### C. The Probative Value is Not Substantially Outweighed by Rule 403 Concerns.

The Defendant makes a three-prong argument to exclude the recording under Rule 403. None of these claims justify exclusion. *Cf. United States v. Cassell*, 292 F.3d 788, 795 (D.C. Cir. 2002) (Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases, even when other crimes evidence is involved . . . . [and] should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged" (internal quotation marks removed)).

First, the Defendant claims that if the jury learns about the extramarital relationship with Person 3, it may spark "emotional reactions" that result in conviction for reasons unrelated to

5

whether he is guilty of the crimes charged. *See* ECF No. 85 at 4. But the jury will learn of the extramarital relationship as necessary context for evidence obtained from Person 3—including how she met the Defendant, why the Defendant trusted her enough to make her a witness to key events in the bribe conspiracy, and to contextualize the recording and other evidence from Person 3. Moreover, the Defendant fails to explain how his former extramarital relationship will be more unfairly prejudicial than evidence that he accepted a bribe as an Admiral and covered it up. And while the Defendant suggests that *United States v. Brown*, Crim. No. 7:18-cr-49, 2019 U.S. Dist. LEXIS 51393 (W.D. Va. Mar. 26, 2019), is relevant to the Court's analysis here, *see* ECF No. 85 at 4, the case is inapposite. *Brown* was a felon in possession case in which the trial court admitted Rule 404(b) evidence of prior gun possession, which did "not involve conduct any more sensational or disturbing than the crimes" charged for purposes of Rule 403, while it excluded evidence the defendant threatened to target schools and children as too inflammatory under Rule 403. 2019 U.S. Dist. LEXIS 51393, at *1, 21-29.

      Second, the Defendant contends the recording may confuse the jury by "shifting their focus" to "personal matters" or mislead them into believing that a romantic relationship is indicative of criminal behavior. ECF No. 85 at 4. These concerns are red herrings. Because the Government seeks to use the recording for proper purposes under Rule 404(b)(2), rather than to argue that the Defendant's personal relationship is evidence he committed the charged offenses, there is no risk of jury confusion. Relatedly, the Defendant provides no support for his claim that a jury will conclude the Defendant was more disposed to commit the charged crime because he maintained an extramarital relationship. *Cf.* ECF No. 85 at 4 (citing *United States v. Nace*, Crim. No. CR-21-198-RAW, 2022 U.S. Dist. LEXIS 34260, at *1-3 (E.D. Okla. Feb. 28, 2022) (admitting reverse 404(b) evidence in a murder case so that the defendant could cross examine

6

Government witnesses about their own motive to murder the victim, and finding, without analysis, that the evidence did not violate Rule 403).

Third, the Defendant contends the evidence may be cumulative and unnecessary "[i]f the Government already has substantial evidence related to the alleged criminal conduct[.]" ECF No. 85 at 4. This argument is confounding considering the Defendant's repeated attacks on the strength of the Government's case. *See*, *e.g.*, ECF Nos. 71 at 1 (stating that the indictment rests on "a fundamental lack of understanding" of Navy contracting), 72 at 1 (claiming the Government's "entire case" relies on a single witness whose credibility he then attacks), 73 at 1-2 (describing the case as built on "conjecture and speculation" and noting "the absence of credible evidence" of a *quid pro quo*). In any event, the Defendant is in no position to opine on how much evidence is too much for the Government to meet its burden of proof. *See United States v. Bailey*, 675 F.2d 1292, 1296 (D.C. Cir. 1982) ("the Government bears the heavy burden of proving its allegations beyond a reasonable doubt and is not required to limit itself to minimal proof.") (internal quotation marks and citation omitted). Here, if the Defendant claims he did not intend to mislead the Navy through his false statements and implications in May 2022, the Government will have to overcome such a claim with evidence of criminal *mens rea*. Proof that the Defendant acted with intent to conceal the bribe schemes is "powerful evidence of . . . corrupt intent." *United States v. McNair*, 605 F.3d 1152, 1197 (11th Cir. 2010). On that score, the recording is highly probative evidence that is not substantially outweighed by a Rule 403 concern about cumulativeness and unnecessariness.

Finally, to the extent this Court harbors any concern under Rule 403 – and it should not – it can address the issue through a proper jury instruction. *See Cassell*, 292 F.3d at 796 (the instruction that the jury is "only to consider the [404(b)] evidence for the limited and proper purposes . . . is the type of instruction that can sufficiently protect a defendant's interest in being free from undue prejudice.") (internal quotation marks and citations omitted).

7

**CONCLUSION**

The Court should admit the Rule 404(b) evidence and permit the Government to introduce it in its case-in-chief, in cross-examination, and in rebuttal.

          Respectfully submitted,

          JOHN D. KELLER
          Acting Chief, Public Integrity Section
          U.S. Department of Justice

By:     /s/
          Trevor Wilmot
          Kathryn E. Fifield
          Trial Attorneys
          1301 New York Ave. NW
          Washington, D.C. 20530
          Office: (202) 514-1412

          EDWARD R. MARTIN, JR.
          UNITED STATES ATTORNEY
          D.C. Bar No. 481866

          /s/
          Rebecca G. Ross
          Assistant United States Attorney
          601 D Street N.W.
          Washington, DC 20530
          Office: (202) 252-4490