UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-------------------------------------------------X
UNITED STATES OF AMERICA,

      -against-                              Case No.: 1:24-cr-00265-TNM

ROBERT BURKE, et. al.
-------------------------------------------------X

## DEFENDANT ROBERT BURKE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS SEARCH WARRANT EVIDENCE

**Introduction**

    Defendant Robert Burke submits this Reply Memorandum to address the Government's opposition to our Motion to Suppress evidence obtained through search warrants[1] and our request for a Franks hearing. The Government's response inadequately addresses the severe credibility issues of Person-3, who played a pivotal role in the issuance of the search warrants. Additionally, the Government neglected its obligation to disclose information within its constructive possession, which could have been easily obtained through a simple Google search. This failure undermines the integrity of the warrant application process and necessitates suppression of the evidence obtained.

    In their Response, the Government essentially admits that it failed to obtain and disclose to the Court the significant credibility issues with Person-3, but claims that the investigator had "conducted a standard DCIS background check." All this proves is that the "standard DCIS background check" is woefully inadequate and in this case led the

---

[1] As the Government correctly noted, Admiral Burke is only challenging those searches for which he has standing and an individual 4th Amendment right. While the evidence illegally obtained from the searches of Co-defendant Kim and Messenger's property may not be excludable against Burke, he will certainly be permitted to cross-examine the agents on the fact that they illegally obtained this evidence by failing to present the full facts to the Court. Moreover, although the illegally obtained evidence may not be excludable against Burke, that does not mean that it is admissible. Defendant reserves all rights to object to the admissibility of these materials.

Government's failure to present necessary evidence to the Court that investigators had constructive possession of.

As perplexing as the investigator's failure to use records that were in their constructive possession is the failure to perform even a perfunctory Google search on the witness. In their response, the Government has noticeably avoided this is issue by attempting to recast the materials as a "trial court's decision containing the adverse credibility finding, which was sealed and not publicly available," this description is completely inaccurate. A full copy of the trial court's decision is publicly available and on the first page of Google results, had the investigators simply searched for Person-3's name.[2]

**I. Legal Principles of Constructive Possession and Disclosure Obligations**

The principle of constructive possession mandates that the government disclose all material information favorable to the defense, as established under *Brady v. Maryland*, 373 U.S. 83 (1963). This obligation extends to evidence impacting the credibility of witnesses, as emphasized in *Giglio v. United States*, 405 U.S. 150 (1972). The government's duty is not limited to information in the direct possession of the prosecuting attorney but includes all evidence known to others acting on the government's behalf, such as law enforcement agencies, as underscored in *Kyles v. Whitley*, 514 U.S. 419 (1995).

---

[2] The Government's failure to conduct such a perfunctory search on their witness was again demonstrated on January 2, 2025 when counsel for the Government emailed counsel for the Defendant incorrectly claiming that quotes from this publicly available document violated the protective order. It seems from this exchange that even at this stage of the litigation, two weeks after the Government filed their opposition to the motion, they still have not done a basic Google search on Person-3 to see that all of this information is readily available.

**II. Obligations to Inform the Court in Search Warrant Applications**

When applying for a search warrant, the government must provide complete and truthful information to enable the magistrate to make an independent determination of probable cause, as required by *Franks v. Delaware*, 438 U.S. 154 (1978). If the affidavit contains false statements or omits material facts made knowingly or with reckless disregard for the truth, the warrant is invalid. This principle was further elaborated in *United States v. Williams*, 827 F.3d 1134 (D.C. Cir. 2016), where the court extended the Franks standard to include omissions that could impact the probable cause determination.

**III. Government's Failure to Disclose Constructively Possessed Information**

The Government's failure to inform the Court of Person-3's credibility issues, despite this information being within its constructive possession and easily accessible, constitutes a material omission. *United States v. Scarfo*, 41 F.3d 880 (3d Cir. 1994), highlights that the failure to disclose such evidence can violate due process rights and necessitate a new trial. The Government cannot claim ignorance when the information was accessible through simple means, including a Google search, or was already within the files of the Department of Defense, particularly when the investigation was conducted by DCIS, the very agency that possessed this adverse information.

**IV. Consequences of the Government's Failure**

The failure to disclose material information affects the validity of the search warrant and the evidence obtained. The exclusionary rule, as established in *Weeks v. United States*, 232 U.S. 383 (1914), prevents the use of improperly obtained evidence. This rule is not negated by the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984), where the magistrate was misled by false or incomplete information. The

3

Government's omissions in the warrant application process necessitate suppression of the evidence and a Franks hearing to address these issues comprehensively.

In their Response, the Government attempts to argue that "Even if Person 3's statements were completely excised from the challenged warrant affidavits, the affidavit contains facts sufficient to support a finding of probable cause." The Government understandably fails to elaborate on this assertion as Person-3's testimony is the sole source of the alleged *quid pro quo*. Excising Person-3 from the affidavit destroys any chance that the Court would have found probable cause.

**Conclusion**

The Government's failure to disclose critical credibility issues with Person-3 in the search warrant applications undermines the validity of the warrants. Given the material omissions and reckless disregard for the truth, this Court should suppress the evidence obtained pursuant to these warrants and grant a Franks hearing to further explore these issues.

Respectfully submitted,

Timothy C. Parlatore, Esq.
Parlatore Law Group, LLP
Counsel for Admiral Burke
260 Madison Avenue, 17th Floor
New York, New York 10016