UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-                                                 Docket No.: 24-cr-265(TNM)

ROBERT P. BURKE,

                 Defendant
------------------------------------------------------------------X

## DEFENDANT'S MOTION TO STAY EXECUTION OF SENTENCE AND CONTINUE RELEASE PENDING APPEAL

Defendant Robert P. Burke respectfully moves this Court for an order, pursuant to 18 U.S.C. § 3143(b) and Federal Rule of Criminal Procedure 38, granting his release on bail and staying his sentence of imprisonment pending the final disposition of his appeal to the United States Court of Appeals for the District of Columbia Circuit. As set forth below, Admiral Burke satisfies all statutory requirements for release. He has demonstrated by clear and convincing evidence that he is neither a flight risk nor a danger to the community. His appeal will raise multiple substantial questions of law and fact—any one of which is likely to result in reversal or an order for a new trial. Given the imminent self-surrender date of October 21, 2025, an expedited ruling on this motion is respectfully requested.

### PRELIMINARY STATEMENT

Following a jury trial, Admiral Burke was convicted and sentenced to a term of imprisonment. He has filed a timely notice of appeal. The Bail Reform Act provides that a defendant sentenced to imprisonment shall be detained pending appeal *unless* the Court finds: (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the community, and (2) that the appeal is not for delay and raises a substantial question of law or fact

likely to result in reversal, a new trial, a sentence without imprisonment, or a reduced sentence. 18 U.S.C. § 3143(b)(1).

Admiral Burke, a retired four-star Admiral with a lifetime of distinguished service, indisputably meets the first condition. The central issue is whether his appeal raises a "substantial question" likely to lead to one of the enumerated favorable outcomes. As detailed herein, Admiral Burke's trial involved significant legal errors that present close and debatable questions meeting the D.C. Circuit's definition of "substantial." Accordingly, the statute mandates his release pending appeal.

## ARGUMENT

### I. THE GOVERNING LEGAL STANDARD

Release pending appeal is governed by 18 U.S.C. § 3143(b), which establishes a presumption of detention after conviction. *United States v. Libby*, 498 F. Supp. 2d 1, 2 (D.D.C. 2007). To secure release, a defendant must satisfy four requirements: (1) he is not a flight risk or danger to the community; (2) the appeal is not for delay; (3) the appeal raises a "substantial question of law or fact"; and (4) a favorable resolution is "likely to result in" reversal, a new trial, or a sentence reduction. 18 U.S.C. § 3143(b)(1).

The D.C. Circuit defines a "substantial question" as "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). The defendant need not show that reversal is likely, only that the issue is non-frivolous and fairly debatable. *Id.*

### II. ADMIRAL BURKE SATISFIES ALL REQUIREMENTS FOR RELEASE

**A. Admiral Burke Is Not a Flight Risk or Danger to the Community**

Admiral Burke is a retired four-star Admiral with deep ties to his family and community. Throughout these proceedings, he has been on pretrial release and has complied with every condition without incident. He has appeared at every required court appearance. There is no evidence to suggest he would abscond or endanger anyone. This prong is satisfied by clear and convincing evidence.

**B. The Appeal Is Not for the Purpose of Delay**

This appeal is taken in good faith to correct significant legal errors. The issues raised are meritorious and substantial, not dilatory tactics.

**C. The Appeal Raises Substantial Questions Likely to Result in Reversal or a New Trial**

Admiral Burke's appeal will present several issues.  While the full scope of the appellate arguments has not yet been determined, for the purpose of this motion, there are five distinct substantial questions, each likely to result in reversal or a new trial.

**1. Exclusion of Impeachment Evidence Under FRE 806**

The Government's case relied heavily on out-of-court statements from non-testifying alleged co-conspirators Charlie Kim and Meghan Messenger, admitted under Federal Rule of Evidence 801(d)(2)(E). Federal Rule of Evidence 806 provides that when a hearsay statement is admitted, "the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness."

Despite this clear rule, the trial court repeatedly excluded defense evidence offered to impeach Kim and Messenger. The defense sought to introduce Defense Exhibit A, an email chain containing prior inconsistent statements by Kim. (May 12, 2025 PM Trial Tr. 3:9-7:2). The Court excluded this exhibit, narrowly interpreting FRE 806 as primarily concerning a declarant's inconsistency with their own prior testimony, rather than inconsistency with other facts or another

3

witness's testimony. (May 12, 2025 PM Trial Tr. 10:12-10:16). The Court similarly excluded Defense Exhibits B and C. (May 13, 2025 PM Trial Tr. 12:4-13:6, 14:18-14:22, 18:20-19:21).

This interpretation is unduly restrictive and contrary to the plain language and purpose of FRE 806, which expressly allows a party to attack the credibility of a hearsay declarant—including a co-conspirator whose statements are admitted under Rule 801(d)(2)(E)—using any evidence that would be admissible for impeachment if the declarant had testified in court. The D.C. Circuit and district courts have consistently interpreted this rule to permit the introduction of evidence of false statements or other impeaching material against such declarants, provided the evidence meets the usual standards of admissibility. *United States v. Williams-Davis*, 90 F.3d 490 (D.C. Cir. 1996): *Watkins v. United States*, No. 00-CF-540 (D.C. Cir. 2004).

These exclusions severely hampered Admiral Burke's ability to challenge the credibility of Kim and Messenger, whose hearsay statements formed a critical part of the prosecution's narrative. Whether the trial court's restrictive interpretation constituted an abuse of discretion is a substantial question the D.C. Circuit has not definitively addressed.

Moreover, the exclusion violated Admiral Burke's Sixth Amendment rights to confrontation and to present a complete defense. A finding that the Court erred would almost certainly be found prejudicial, as the credibility of Kim and Messenger was central to the Government's case, likely resulting in reversal and a new trial.

**2. Violation of the Rule of Completeness (FRE 106)**

Federal Rule of Evidence 106 provides that "if a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part— or any other writing or recorded statement—that in fairness ought to be considered at the same

4

time." The rule exists "to prevent a party from misleading the jury by presenting statements out of context." *United States v. Sutton*, 801 F.2d 1346, 1368 (D.C. Cir. 1986).

During the testimony of NCIS Investigator Mary Beth Eversman, the Government introduced selected audio clips of Admiral Burke's lengthy interview. (May 13, 2025 AM Trial Tr. 107:1-110:20). The defense timely objected under FRE 106, arguing that playing only these excerpts would create a misleading impression. (May 13, 2025 AM Trial Tr. 108:5-109:25). The Court allowed the Government to proceed with its selected clips, initially indicating the defense could address completeness later. (May 13, 2025 AM Trial Tr. 108:7-109:25), However ultimately, the Court improperly refused to allow any of the necessary additional sections to be presented the jury, allowing them to be misled.

This approach undermined the core purpose of FRE 106. The D.C. Circuit in *Sutton* emphasized that Rule 106's requirement that the related recording be admitted "at that time" may entitle a party to interrupt the other side's presentation to provide immediate context. 801 F.2d at 1368-69. By allowing the Government to cherry-pick portions of the interview, the Court permitted the jury to form an initial, skewed impression that later additions by the defense might not fully rectify.

Whether the trial court's denial of the defense's Rule 106 request constituted an abuse of discretion is a substantial question. This error was prejudicial, as Admiral Burke's statements were a key part of the Government's case regarding his knowledge and intent. A favorable ruling would likely necessitate a new trial.

**3. Insufficient Evidence on Count Five (Concealment)**

Count Five charged Admiral Burke with concealment of material facts in violation of 18 U.S.C. § 1001(a)(1). A conviction for concealment requires the Government to prove beyond a

5

reasonable doubt that the defendant had a specific, operative legal duty to disclose the material facts at the time of the alleged concealment. *United States v. Moore*, 446 F.3d 671, 677 (7th Cir. 2006); *United States v. Curran*, 20 F.3d 560, 566 (3d Cir. 1994).

At trial, the Government's evidence of such a duty rested primarily on a Navy standards of conduct memorandum (Gov. Ex. 9) issued in May 2020. (May 12, 2025 PM Trial Tr. 45:4-51:22). However, Captain Appleman, Admiral Burke's ethics counselor during the relevant period (2021-2022), testified that this May 2020 memo was not the operative standard during the summer of 2021 or May of 2022, as it had been superseded by subsequent annual issuances. (May 13, 2025 AM Trial Tr. 73:18-74:16). The Government failed to introduce the specific, operative ethics memo that was in effect during the periods alleged in Count Five.

The District Court denied the Rule 29 motion, finding that the prior memo would have put Admiral Burke on notice of his duties. (May 13, 2025 PM Trial Tr. 58:10-59:5). This reasoning is flawed. The Government must prove a specific, existing legal duty, not merely general notice from a superseded document. Without evidence of the precise, operative legal obligation in effect at the time of the alleged concealment, a rational jury could not find this essential element beyond a reasonable doubt.

Whether a superseded policy document can establish the requisite legal duty for a criminal concealment charge is a substantial question the D.C. Circuit has not definitively resolved. A reversal on this issue would result in a judgment of acquittal on Count Five and likely a reduced sentence.

**4. Denial of Missing Witness Instruction**

The defense requested a missing witness instruction regarding Denese Canedo, the individual who initiated the complaint against Admiral Burke. (May 13, 2025 PM Trial Tr. 9:2-

6

13:17). Such an instruction is appropriate when "the witness's testimony would be material and the witness is peculiarly within the control of that party." *Graves v. United States*, 150 U.S. 118, 121 (1893).

Ms. Canedo was peculiarly available to the Government. She was the initial complainant, had a close relationship with investigators, and the Government had served her with a subpoena. (May 13, 2025 AM Trial Tr. 4:25-5:9; May 13, 2025 PM Trial Tr. 10:1-13:17). The defense argued that her relationship with the Government and her documented hostility towards Admiral Burke made her practically unavailable to the defense. *See Burgess v. United States*, 440 F.2d 226, 232 (D.C. Cir. 1970).

The Court denied the instruction, finding that both parties could have subpoenaed her. (May 13, 2025 PM Trial Tr. 67:21-73:6). This was an abuse of discretion. The peculiar availability standard considers more than mere subpoena power; it looks to the relationship between the witness and the party. The D.C. Circuit has held that when a witness has assisted the Government as an informant and has expressed unwillingness to speak to defense counsel, the witness is not "meaningfully available" to the defense. *United States v. Williams*, 113 F.3d 243, 246 n.2 (D.C. Cir. 1997).

Ms. Canedo's testimony regarding her interactions with Admiral Burke and Next Jump, and her motivations, was highly relevant. Whether the trial court abused its discretion in denying the missing witness instruction presents a substantial question. A favorable ruling would likely lead to a new trial.

**5. Deficient Jury Instructions on Bribery and Conspiracy**

The District Court's instructions on bribery (Count Three) and conspiracy (Count One) were flawed, particularly regarding the definition of "official act" under *McDonnell v. United*

*States*, 579 U.S. 550 (2016). The Supreme Court held that an "official act" requires a formal exercise of governmental power on a pending matter or question, and that "setting up a meeting, talking to another official, or organizing an event—without more—does not fit that definition." *Id.* at 572.

The defense proposed instructions to clarify this standard. (May 13, 2025 PM Trial Tr. 3:3-8:3, 76:13-77:18). The Court also declined to give a defense-proposed instruction clarifying that if Admiral Burke had a legitimate, non-corrupt motive for his actions, the Government must prove the corrupt motive was a primary or substantial factor. (May 13, 2025 PM Trial Tr. 63:14-64:25).

The instructions given did not adequately convey these nuances, potentially allowing the jury to convict based on conduct not constituting an "official act" or without finding the requisite level of corrupt intent. *See United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404-05 (1999). Whether the jury instructions properly reflected *McDonnell*'s requirements is a substantial question. The Supreme Court in *McDonnell* held that instructional errors on the definition of "official act" were not harmless and required reversal. A favorable ruling on these instructional errors would require reversal and a new trial.

## III. A STAY OF SENTENCE IS MANDATORY IF RELEASE IS GRANTED

If the Court finds that Admiral Burke has met the criteria for release under 18 § 3143(b), a stay of his sentence of imprisonment is mandatory. Federal Rule of Criminal Procedure 38(b)(1) provides that "[i]f the defendant is released pending appeal, the court *must* stay a sentence of imprisonment."

## CONCLUSION

For the foregoing reasons, Defendant Robert P. Burke respectfully requests that the Court grant this motion, order his release on reasonable conditions pending the resolution of his appeal, and stay the execution of his sentence of imprisonment.

Dated: October 17, 2025

                                          Respectfully submitted,

                                          Timothy Parlatore
                                          PARLATORE LAW GROUP, LLP
                                          260 Madison Ave., 17th Floor
                                          New York, New York 10016
                                          timothy.parlatore@parlatorelawgroup.com
                                          *Attorney for Defendant Robert P. Burke*