UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ROBERT P. BURKE**,<br><br>Defendant. | Case No. 1:24-cr-00265-1 (TNM) |

## MEMORANDUM ORDER

A jury trial resulted in ADM Robert Burke's (USN, Ret.) conviction on four felonies. *See* Judgment, ECF No. 350. He has since appealed his conviction and sentence to the D.C. Circuit, and he now moves for a stay of the execution of his sentence and continuance of his release pending the Circuit's resolution of that appeal. For the reasons below, the Court denies his motion.

### I.

Earlier this year, a jury found Burke guilty of four crimes related to his role in a bribery scheme between himself and a government vendor that offered him future employment. *See* Verdict Form, ECF No. 168. Burke was found guilty of (1) conspiracy under 18 U.S.C. § 371, (2) bribery under 18 U.S.C. § 201(b)(2)(A), (3) having a financial conflict of interest in a government matter under 18 U.S.C. § 208(a), and (4) concealment of material facts under 18 U.S.C. § 10001(a)(1). Following those convictions, the Court sentenced Burke to 60 months' incarceration as to his conspiracy, conflict-of-interest, and concealment-of-material-facts charges, and 72 months' incarceration as to the bribery charge, all to run concurrently. *See* Minute Entry, Sept. 16, 2025. The Court also ordered that 36 months of supervised release follow each count, also to run concurrently, and imposed a $400 special assessment and

$86,748.08 forfeiture. *Id.* After sentencing, the Court permitted Burke to self-surrender, and he has remained on personal recognizance. *Id.*

Burke has appealed his conviction and sentence to the D.C. Circuit. Notice of Appeal, ECF No. 352. Around that time, the Probation Office ordered Burke to self-surrender to begin his imprisonment term today. *See* Mot. to Extend Self-Surrender Date, ECF No. 354. Following the Court's denial of Burke's motion to extend that self-surrender date, Minute Order, October 16, 2025, Burke moved to stay the execution of his sentence and continue his release pending the resolution of his appeal. Mot. to Stay Execution of Sentence, ECF No. 355 ("Motion to Stay"). Because Burke has not shown a substantial question to present on appeal, the Court denies his motion.

## II.

In 18 U.S.C. § 3143(b), Congress gave criminal defendants an avenue to secure their release from federal custody pending disposition of their appeals. But that path is available only in limited circumstances. *See United States v. Perholtz*, 836 F.2d 554, 555–56 (D.C. Cir. 1988). A district court must find two conditions met before ordering the release of a defendant whose appeal is pending before a circuit. First, the Court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(b)(1)(A). And second, the Court must find "that the appeal is not for the purpose of delay and raises a substantial question" that is "likely to result in" reversal, a new trial, a noncustodial sentence, or a custodial sentence which will have fully expired by the time the appeal is decided. *Id.* § 3143(b)(1)(B). The Court takes each requirement in turn.

A.

On the first score, the Court finds—and the Government does not disagree—that Burke presents no flight risk or danger to the community. While on pretrial release, Burke complied with the Court's conditions and made required appearances, and no evidence suggests his behavior would change now.

B.

On the second score, Burke falls short. He has not shown that any of his four challenges presents a substantial question likely to result in reversal or a new trial.

*Impeachment Evidence.* Start with Burke's claim that the Court impermissibly excluded evidence that would have impeached his non-testifying co-conspirators, Charlie Kim and Meghan Messenger. Mot. to Stay at 3. When ruling on evidentiary motions like this one, trial judges possess broad discretion, and appellate courts will reverse such rulings only in the event of an abuse of that discretion. *See English v. District of Columbia*, 651 F.3d 1, 7 (D.C. Cir. 2011). This deferential standard impedes Burke's success on appeal.

Even without it, though, Burke still likely misses the mark. At trial, the Court excluded the evidence that Burke now says is inadmissible. Defense wanted to introduce an email chain featuring messages from Kim on grounds that Kim's messages constituted "prior inconsistent statements" that would serve as impeachment evidence under Federal Rule of Evidence 806, which concerns impeachment of non-testifying declarants. Mot. to Stay at 3; May 12, 2025, PM Trial Tr. 3:9–7:2. The trouble for Burke is that, as the Court explained, Federal Rule of Evidence 806 applies when "the declarant is being inconsistent with the testimony that he gave." *Id.* 10:12–10:16. Indeed, Rule 806 allows impeachment evidence only if it would be admissible had Kim actually testified. *See* Fed. R. Evid. 806. And as for testifying witnesses, it is a "basic

3

rule of evidence" that before "prior inconsistent statements may be used to impeach [his] credibility," courts "must be persuaded that the statements are indeed inconsistent." *United States v. Hale*, 422 U.S. 171, 176 (1975).[1]  Here, the Court found that Burke wanted to use the relevant evidence *not* to show Kim's inconsistency with any of his own statements, but to show "inconsistency with other facts elsewhere." May 12, 2025, PM Trial Tr. 10:14. That finding provided reasonable grounds for exclusion.

Neither of Burke's citations alters that conclusion.  His first example, *United States v. Williams-Davis*, 90 F.3d 490, 512 (D.C. Cir. 1996), involved the Government's discovery obligations related to co-conspirators' statements.  And the second, "*Watkins v. United States*, No. 00-CF-540 (D.C. Cir. 2004)," is no more than an incomplete citation that the Court cannot verify.  That makes for a weak claim of an abuse of discretion.

*Rule of Completeness.*  Turn to Burke's second claim, that the Court circumvented Federal Evidence Rule 106 by admitting into evidence only portions of Burke's interview with law enforcement.  Mot. to Stay 5.  Federal Rule of Evidence 106 provides that if "a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." This Rule prevents parties from misleading the jury by presenting statements out of context.  *United States v. Sutton*, 801 F.2d 1346, 1368 (D.C. Cir. 1986).  Once more, abuse-of-discretion review applies to these evidentiary decisions.  *See Muldrow ex rel. Est. of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 166 (D.C. Cir. 2007).

Burke has not made a strong showing of an abuse of discretion from the Court's ruling on the Rule 106 motion at issue.  Following the Defense's objection to the Burke interview clips on

---

[1] Burke cites other exhibits he says the Court "similarly" excluded, but his citations lead to nothing related to the exclusion of evidence under Federal Evidence Rule 106.  Mot. to Stay at 4.  The Court thus does not address them.

4

Rule 106 grounds, the Court spoke at length with both parties on the issue, analyzed their arguments, and rendered a decision that explained its reasoning. *See* May 13, 2025, AM Trial Tr. 108–119. Indeed, the Court admitted other portions of the interview transcript on completeness grounds. *Id.* 111:10–111:16. But regarding this section, as the Court put it, the portions of the interview that Burke sought to introduce occurred "significantly after" the portion that the Government introduced. *Id.* 119:12–119:18. Without the portions the Court excluded, the Government did not present "distort[ed]" clips of Burke's interview because the follow-up in question had little to do with those clips' context. *Sutton*, 801 F.2d at 1368. Nothing, then, called for the strictures of Rule 106 to kick into gear. *United States v. Washington*, 952 F.2d 1402, 1404 (D.C. Cir. 1991). All of this provides ample reason to find that Court acted comfortably within its discretion. *See United States v. Thiam*, 934 F.3d 89, 96 (2d Cir. 2019) (explaining that the rule of completeness does not "require introduction of portions of a statement that are neither explanatory of nor relevant to the admitted passages") (cleaned up).

*Evidence sufficiency.* Next, consider Burke's claim that the Government lacked sufficient evidence to justify his conviction for concealment of material facts under 18 U.S.C. § 1001(a)(1). That claim fails on appeal if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Smith*, 950 F.3d 893, 895 (D.C. Cir. 2020) (emphasis in original) (cleaned up). Again, Burke falls short of the imposing hurdle before him.

As evidence of concealment of material facts, the Government offered a memorandum covering U.S. Navy standards of conduct. May 12, 2025, PM Trial Tr. 45:4–51:22. And contrary to Burke's view that nothing suggested this memo governed during the relevant dates, a Navy official testified to just the opposite. May 13, 2025, PM Trial Tr. 58:18–59:7. The Court

noted as much in denying Burke's motion of judgment of acquittal on this count. *Id.* Additionally, as a common-sense matter, it strains credulity to think that Burke, who served as the Navy's Chief Ethics Officer, was unaware of his ethical duties even if he had only an outdated memorandum. These features leave scant reason to question the jury's verdict on this count. *Smith*, 950 F.3d at 895.

*Missing Witness Jury Instruction*. Continuing, Burke challenges the Court's denial of his request for a missing witness instruction about Denese Canedo, the woman who filed a complaint against Burke. May 13, 2025, PM Trial Tr. 9:2–13:17. Such an instruction is appropriate when a witness's testimony would be material and the "witness is peculiarly within the control of" one party. *See Morrison v. United States*, 365 F.2d 521, 524 (D.C. Cir. 1966); *Graves v. United States*, 150 U.S. 118, 121 (1893). When a trial court denies such an instruction, that decision receives abuse-of-discretion review. *United States v. Borda*, 848 F.3d 1044, 1064 (D.C. Cir. 2017).

The Court doubts an abuse of discretion occurred. Burke never tried to subpoena Canedo. This matters because, as this Court reasoned in denying the instruction, either party could have done so. May 13, 2025, PM Trial Tr. 67:21–73:6. To put it differently, she remained out of the "peculiar[]" control of one party or another, so the Court did not need the missing witness instruction. *See Graves*, 150 U.S. at 121. Indeed, Canedo was Burke's former mistress—hardly someone unknown to him. May 6, 2025, AM Trial Tr. 30:21–24, 47:25–48:9.

Burke's contrary view puts too much stock in Canedo's assistance to the Government and alleged hostility to the Defense. As the Court noted during its extensive colloquy with the Defense on this issue, at least some evidence suggested that Canedo may have "turned against the [G]overnment" and may "not even" have remained "willing to cooperate" by a certain point.

6

May 13, 2025, PM Trial Tr. at 12:7-12:18, 68–73.  This instruction provides no grounds to start his trial anew.

*Conspiracy and Bribery Jury Instructions.*  Finally, Burke faults the Court for its denial of jury instructions that would define "official act" for his conspiracy count.  Mot. to Stay at 7–8.  No abuse of discretion likely occurred when the Court reasoned that conspiracy, unlike bribery, requires an official act, and accordingly rejected an instruction suggesting otherwise.  May 13, 2025, PM Trial Tr. 7:18–7:23.  In light of that distinction, Burke's invocation of *McDonnell v. United States*—a case about bribery law—does not help his argument about the appropriate instructions for a conspiracy offense.  579 U.S. 550 (2016).

Burke also points to the Court's denial of an instruction that would have explained that a "mixed motive" does not establish corrupt intent for purposes of Burke's bribery charge unless corruption was his "primary purpose."  May 13, 2025, PM Trial Tr. 77:2–77:18; Mot. to Stay at 8.  The Court reasoned that this language would prove confusing, and promised minimal benefit, as no case law demanded that standard, and the Court already explained that the evidence must clearly demonstrate proof of a corrupt intent.  *See* May 13, 2025, PM Trial Tr. 64:2–5; 77:2–77:18.  By instead permitting the use of an instruction that courts have used "in this district countless times," *id.* 64:9, the Court ruled within its bounds.

Accordingly, the Court **ORDERS** that Defendant's Motion to Stay the Execution of his Sentence and Continue his Release Pending Appeal is **DENIED**.  Defendant is ordered to self-surrender to custody in accordance with Probation's original schedule.  **SO ORDERED**.

Dated: October 21, 2025              TREVOR N. McFADDEN, U.S.D.J.