**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ROBERT P. BURKE**,<br><br>Defendant. | Case No. 1:21-cr-00265-1 (TNM) |

## <u>MEMORANDUM ORDER</u>

A year ago, ADM Robert Burke (USN, Ret.) was convicted on bribery-related charges following a jury trial.  *See* Judgment, ECF No. 350.  Burke appealed his conviction and sentence, and he remains incarcerated.  For the second time, he moves for his release pending appeal.  For the second time, the Court denies his motion.

### I.

A spring 2025 jury trial ended in Burke's conviction on four felonies.  *See* Judgment. Burke was found guilty of: (1) conspiracy under 18 U.S.C. § 371; (2) bribery under 18 U.S.C. § 201(b)(2)(A); (3) having a financial conflict of interest in a government matter under 18 U.S.C. § 208(a); and (4) concealment of material facts under 18 U.S.C. § 10001(a)(1).  *See id.* Following those convictions, the Court sentenced Burke to 60 months' incarceration as to his conspiracy, conflict-of-interest, and concealment-of-material-facts charges, and 72 months' incarceration as to the bribery charge, all to run concurrently.  *See* Minute Entry, Sept. 16, 2025. The Court also ordered that 36 months of supervised release follow each count, also to run concurrently, and imposed a $400 special assessment and $86,748.08 forfeiture.  *Id.*

He appealed his conviction and sentence to the D.C. Circuit and sought a stay of the execution of his sentence pending that appeal.  Not. of Appeal, ECF No. 352; Mot. to Stay Exec.

of Sent., ECF No. 355.  This Court denied his motion, Order, ECF No. 358, and the D.C. Circuit affirmed, Per Curiam Order, *United States v. Burke*, D.C. Cir., No. 25-3104 (Nov. 13, 2025). Burke tries again.  Claiming that new developments have "fundamentally altered" his case, Burke once more moves for release pending his appeal.  Mot. for Bond at 1, ECF No. 420.

Burke claims three changes warrant the relief that both this Court and the D.C. Circuit previously denied.  None carries the day.  The Court accordingly denies his motion.

*Oral argument.*  First, Burke asserts that "sustained questioning" of the Government at the Circuit's recent oral argument suggests that various evidentiary issues up on appeal are "at a minimum, close questions that very well could be decided the other way."  Mot. for Bond at 5 (cleaned up).  Setting aside that Burke's counsel also endured "sustained" questioning, this Court declines to read into an appellate judge's questioning.  In general, "questions and commentary at oral argument have no legal effect."  *Fox Television Stations, Inc. v. FilmOn X LLC*, 150 F. Supp. 3d 1, 17 (D.D.C. 2015) (cleaned up); *see also United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 250 (3d Cir. 2016) ("[J]udges at all levels make statements and ask questions during hearings that may not be a clear indication of the court's views or how a case will eventually be decided.").  More, the Circuit's own denial of Burke's prior request to stay the execution of his sentence pending appeal undermines his suggestion that the Circuit's actions thus far render reversal "likely."  Mot. for Bond at 2; 18 U.S.C. § 3143(b)(1).

*Co-defendants' acquittal.*  Second, Burke asserts that the recent acquittal of his co-defendants, Charlie Kim and Meghan Messenger, weakens the claims against him.  Not so. Kim and Messenger's acquittals in no way call into question Burke's conviction.  To the contrary, this Court granted Kim and Messenger's motion for severance *because they intended to*

*blame Burke* for the alleged conspiracy.  Joint Motion to Sever Defendant at 18, ECF No. 27-1 (arguing that "Burke is significantly more culpable than movants" to obtain severance); Minute Entry, Sept. 23, 2024 (granting Motion to Sever).  At trial, Kim and Messenger successfully pursued that theory.  As Messenger's counsel put it at closing arguments, "[a]ll of us look back and think, in hindsight, knowing what we know today, that [Burke's] a deceiver and a liar, we would do something different."  Trial Tr., May 15, 2026, at 52:10–52:12.  Kim's counsel summarized the "saga of this case" as follows: Burke told his co-defendants "there was no conflict" with his Next Jump dealings, "[t]hey believed him," Burke then "repeated it," the co-defendants "continued to believe him," and Burke "lied about it."  *Id.* at 119:19–119:25.  If anything, their focus on Burke's lies and subsequent acquittal reinforces Burke's wrongdoing.

*Post-verdict disclosures.*  Last, Burke points to a handful of post-verdict disclosures by the Government that he plans to pursue in post-conviction proceedings.  He claims they too suggest "the appeal will result in reversal."  Mot. for Bond at 7.  But none of those statements is part of the trial record and thus at issue on appeal.  And without a more fully developed record detailing these post-verdict discoveries, the Court cannot assess whether they warrant relief.

Accordingly, the Court **ORDERS** that Defendant's [420] Motion for Bond Pending Appeal is **DENIED**.

**SO ORDERED.**

Dated: May 22, 2026                                     TREVOR N. McFADDEN, U.S.D.J.

3